UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHELLI R. JACKS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-309

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920[,] respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the manually-filed administrative record will refer only to the transcript ("TR") number.

# I.

## A.  Procedural History

Plaintiff filed applications for DIB and SSI asserting disability as of August 26, 2010. PageID 22.  Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, lumbar scoliosis, a mood disorder, and an anxiety disorder.  PageID 25.

After initial denial of her applications, Plaintiff received a hearing before ALJ James Knapp on December 3, 2013.  PageID 836-77.  The ALJ issued a written decision on March 14, 2014 finding Plaintiff not disabled.  PageID 22-39.  Specifically, the ALJ's findings were as follows:

1. The claimant met the insured status requirements of the Social Security Act through March 31, 2013, but not thereafter.

2. The claimant has not engaged in substantial gainful activity since August 26, 2010, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b), and 416.971 *et seq.*).

3. The claimant has the following impairments which are severe for Social Security purposes:  lumbar scoliosis and strain; mood disorder NOS v. bipolar disorder II; and anxiety disorder NOS (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant lacks the residual functional capacity ["RFC"] to:  (1) lift more than twenty-five pounds frequently or fifty pounds occasionally; (2) have greater than occasional contact with [the] public, supervisors, or co-workers; and (3) do other than low stress work activity (*i.e.*, no job involving fixed production quotas or otherwise involving above average pressure for production, work that

is other than routine in nature, or work that is hazardous). Therefore, she is limited to a reduced range of medium[4] work.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1991, which classifies her as a younger individual age 18-49. (20 CFR 404.1563 and 416.963).

8. The claimant has a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because claimant does not have past relevant work. (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

PageID 25-39.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 6-9. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B. Evidence of Record**

The ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 29-37. Plaintiff, in her Statement of Errors, also summarizes the evidence of record. Doc. 8 at PageID 42-45. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence and presents no objection to Plaintiff's summary.

---

[4] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id.* It may also involve frequent stooping, grasping, holding, and turning objects. *Id.* "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

Doc. 9 at PageID 62. Except as otherwise noted, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's summary of the evidentiary record.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) appropriately weighing the medical opinion evidence of record; and (2) finding she did not meet or equal the requirements of Listing § 5.08 as a result of her gastritis. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably reviewed the record, appropriately reviewed the Listings, properly weighed the

medical opinion and medical evidence at issue (and applied the 'good reasons' rule with respect to the medical evidence by Plaintiff's treaters), and accurately determined Plaintiff's RFC and disability status. Thus, as more fully explained herein, the Court finds the ALJ's decision supported by substantial evidence, and concludes that the ALJ's non-disability finding should be affirmed.

### A. Medical Source Opinions

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion

with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). Therefore, record reviewers are afforded the least deference and these "'non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*.

Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

In addition to "medical source opinions," opinions from "other sources" can be used to establish the severity of a claimant's impairment and establish how impairments affect a claimant's ability to work. 20 C.F.R. § 404.1513(d). "Other sources" include medical sources such as nurse practitioners or physician's assistants that do not qualify as "acceptable medical sources" under the regulations. *Id*. Although "other medical sources" who have treated a claimant are not entitled to controlling weight like a treating physician or psychologist are, "other sources" may be entitled to *more* weight than "acceptable medical sources" under the

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

unique circumstances of a given case. SSR 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006) (emphasis added). In fact, the opinions of "other sources," such as nurse practitioners or physician's assistants, may even be given more weight than a *treating* physician if the "other sources" have seen the claimant more frequently than the "acceptable sources" and have provided better explanations for their opinions. *Id.*

ALJs must weigh the opinions of "other sources" using the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.*, "how long the source has known the individual, how frequently the source has seen the individual, how consistent the opinion of the source is with other evidence, how well the source explains the opinion, and whether the source has a specialty or area of expertise related to the individual's impairment." *Williamson v. Comm'r of Soc. Sec.*, No. 1:14-cv-731, 2016 WL 255033, at *8 (S.D. Ohio Jan. 20, 2016); *see also* 20 C.F.R. § 404.1527(c). ALJs should "explain the weight given" such opinions, "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." *Williamson*, at *8.

### 1. Medical Source Opinions Regarding Physical Limitations

In this case, with regard to limitations arising from Plaintiff's physical impairments, the ALJ relied exclusively on the opinion of record reviewing physician Leigh Thomas, M.D., who offered an opinion on August 17, 2012. Tr. 47-48. Dr. Thomas found that Plaintiff was physically able to lift and carry 50 pounds occasionally and 25 pounds frequently; and stand, walk, and sit 6 hours per workday. Tr. 47. The ALJ gave "significant weight" to Dr. Thomas's opinion because it "was generally consistent with objective signs and findings in the preponderance of the record," such as normal imaging findings of Plaintiff's spine. Tr. 30.

In accepting Dr. Thomas's opinion, the ALJ rejected the opinion of treating Certified Nurse Practitioner Katherine Allen, who issued an opinion regarding Plaintiff's physical limitations in November 2013, *i.e.*, well over a year after Dr. Thomas offered her opinion. *See* Tr. 701-02. Nurse Allen concluded that Plaintiff could stand for 40-45 minutes at a time for up to 4 hours per workday; walk for 30 minutes at a time for up to 4 hours per workday; sit for up to 60 minutes at a time for up to 6 hours per workday; lift no more than 10 pounds occasionally; never crawl or climb ladders; not reach above shoulder level; and would likely miss up to 5 days of work per month because of her impairment(s). *Id*. The ALJ gave Nurse Allen's opinion "little weight" because the objective evidence and clinical findings of record did not support her opinion. Tr. 31. The ALJ also noted that "[n]othing in the record supports [Nurse] Allen's limitations for a reduced range of sedentary work[.]" Tr. 31-31.

Contrary to the ALJ's statement regarding the lack of supportability in the record, however, is the consistent opinion of examining physician William O. Smith, M.D., who examined Plaintiff in January 2014, *i.e.*, almost a year and a half after Dr. Thomas rendered her opinion. *See* Tr. 752-65. Dr. Smith concluded that Plaintiff could occasionally lift up to 10 pounds; sit for 1 hour at a time without interruption for a total of 6 hours per workday; stand and walk 30 minutes at a time for up to 4 hours per workday; and only occasionally reach with each hand. PageID 760-61. The ALJ gave "little weight" to Dr. Smith's opinion because he documented no objective findings during his examination, and the other objective evidence of record show nothing more than minimal abnormalities. Tr. 31. The ALJ would have been well within his authority to rely on the disabling opinions of Nurse Allen and Dr. Smith given the consistency of their conclusions and the fact that they both physically examined Plaintiff. *See* 20 C.F.R. § 404.1527(c)(1) and (4).

Further, the undersigned notes that Dr. Thomas, when rendering her opinion, did not review the entirety of the record because it predates the opinions of both Nurse Allen and Dr. Smith.  *See* Tr. 47-48, 701-02, 752-65.  However, "an ALJ may rely on the opinion of a consulting or examining physician who did not have the opportunity to review later-submitted medical records if there is 'some indication that the ALJ at least considered these facts' before assigning greater weight to an opinion that is not based on the full record."  *Spicer v. Comm'r of Soc. Sec.*, 651 F. App'x 491, 493-94 (6th Cir. 2016); *see also Gibbens v. Comm'r of Soc. Sec.*, 659 F. App'x 238, 248 (6th Cir. 2016).  Here, the ALJ specifically noted records post-dating Dr. Thomas's opinion -- including imaging findings of Plaintiff's shoulders, cervical spine, and lumbar spine taken in 2014 -- all of which, though noting signs of scoliosis, were otherwise normal.  *See* Tr. 766-68.  Because the ALJ considered, and in fact relied upon those normal imaging findings, *see* tr. 34-35, the undersigned finds the ALJ's weighing of Dr. Thomas's opinion favorably -- over the opinions of Nurse Allen and Dr. Smith -- falls within the ALJ's permissible "zone of choice."  Accordingly, the ALJ's analysis in this regard is supported by substantial evidence..

As noted, *supra*, the Court acknowledges that evidence of record exists upon which the ALJ could have relied in assigning greater weight to Nurse Allen and Dr. Smith and, thus, finding her "disabled" under the regulations.  However, "even if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to an ALJ's decision if it is supported by substantial evidence.  *Blakley*, 581 F.3d at 406 (citations omitted).  Finding substantial evidence in the record to support the ALJ's assessment of the opinions given by Dr. Thomas, Nurse Allen, and Dr. Smith, the undersigned overrules Plaintiff's alleged error in this regard.

## 2. Medical Source Opinions Regarding Plaintiff's Mental Limitations

Plaintiff's treating psychiatrist, Brendan T. Carroll, M.D. gave an opinion on December 15, 2011 finding Plaintiff markedly limited[6] in her ability to maintain attention and concentration for extended periods; work in coordination with or proximity to others without being distracted; complete a normal workday and workweek without interruption and without an unreasonable number of rest periods; accept and respond appropriately to criticism from supervisors; and get along with co-workers. Tr. 698. Dr. Carroll also found Plaintiff moderately limited in a number of other areas of mental functioning. *Id*. The ALJ gave Dr. Carroll's opinion "little weight" because Plaintiff's treatment notes, while sometimes noting clinical observations supportive of a severe impairment, typically reflected normal mental status findings. Tr. 32, 363, 367, 370, 473, 482, 513, 546, 551, 612, 624, 636, 652, 656, 658, 660, 682, 708, 712, 719, 723, 775.

The ALJ instead relied on the August 8, 2012 opinion of record-reviewer Patricia Semmelman, Ph.D., who found Plaintiff no more than moderately limited in any area of mental functioning. Tr. 49-50. Specifically, Dr. Semmelman found Plaintiff able to perform simple and moderately complex, 3-4 step tasks, with no demand for fast paced work, and only routine and predictable duties. *Id*. Dr. Semmelman also found Plaintiff "would do best with infrequent and superficial interaction with others." Tr. 50. The ALJ gave Dr. Semmelman's opinion "significant weight" because it was "supported by objective signs and findings upon examination and in the preponderance of the medical record, including those records submitted after her assessment." Tr. 30. In this regard -- albeit not in specifically discussing Dr. Semmelman's opinion -- the ALJ relied on the normal clinical observations noted "on numerous occasions

---

[6] "Moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), whereas "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C), *et seq*. *See Holland v. Comm'r of Soc. Sec.*, No. 3:14-CV-246, 2015 WL 6891032, at *4 (S.D. Ohio July 6, 2015).

throughout the record." *See* Tr. 36, 367, 473, 482, 513, 546, 551, 612, 624, 636, 682, 708, 712, 719, 723, 775.

Again, the Court acknowledges that there is evidence of record upon which the ALJ could have relied in assigning greater weight to Dr. Carroll and, therefore, finding Plaintiff disabled under the regulations. However, "even if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to ALJ's decision if it is supported by substantial evidence. *Blakley*, 581 F.3d at 406 (citations omitted). Finding substantial evidence in the record to support the ALJ's assessment of the opinions given by Drs. Carroll and Semmelman, the undersigned overrules this alleged error.

  **B.**  **The Listings**

Finally, Plaintiff argues that the ALJ should have found her gastritis met or equaled the criteria required under Listing § 5.08. Doc. 8 at PageID 56-60. The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers*, 582 F.3d at 653 (internal quotations omitted). "Because satisfying the [L]istings yields an automatic determination of disability . . . the evidentiary standards [at Step Three] . . . are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014). Plaintiff bears the burden of proving that he or she meets or equals all criteria of a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987).

Listing § 5.08 provides that a claimant is deemed disabled if he/she experiences "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI [Body Mass Index] of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 5.08. The

Commissioner concedes that Plaintiff meets the BMI and weight loss requirements of Listing § 5.08 and that Plaintiff suffers from gastritis -- a digestive disorder.  Doc. 9 at PageID 72.  Nonetheless, the ALJ concluded that "the record does not support a finding that the claimant's low weight is a result of any significant digestive disorder" based upon Plaintiff's own statement in January 2014 that her gastritis was under control.  Tr. 28, 752-53.

The Court first notes that the ALJ did not find Plaintiff's gastritis to be a severe impairment and, thus, the ALJ did not need to consider whether her gastritis met or equaled Listing § 5.08.  *See Jones v. Astrue*, No. 1:12CV224, 2013 WL 5487416, at *3 (S.D. Ohio Sept. 29, 2013) (finding it "unnecessary to reach" the issue of whether Plaintiff met or equaled Listing § 5.08 given the ALJ's finding that plaintiff did not have a "severe" gastrointestinal impairment at Step Two).  Nevertheless, in light of record evidence showing that Plaintiff's gastritis was "under control," the undersigned finds the ALJ's conclusion -- that Plaintiff does not met or equal the criteria under Listing § 5.08 -- supported by substantial evidence.  *Cf. Anthony v. Astrue*, 266 F. App'x 451, 458 (6th Cir. 2008) (affirming the ALJ's conclusion that the claimant did not meet a Listing where evidence of record showed the claimant's condition was under control); *Thomas v. Halter*, 131 F. Supp. 2d 942, 946 (E.D. Mich. 2001) (finding a Listing not satisfied where evidence of record noted that, if claimant took mediation, "he could keep his condition under control").

## IV.

For the foregoing reasons, the Court finds no merit to Plaintiff's alleged errors.  **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date:   February 10, 2017             s/ Michael J. Newman
                                       Michael J. Newman
                                       United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).